UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS A. SBROCCO,

    Plaintiff,

v.                            Case No: 2:19-cv-59-FtM-99UAM

HARTFORD INSURANCE COMPANY
OF THE SOUTHEAST and STEPHEN
SCHENGBER, Dr.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Amended Complaint (Doc. #22), Notice of Removal (Doc. #4) and Amended Notice of Removal (Doc. #14) filed by plaintiff *pro se* Thomas A. Sbrocco. Defendants Hartford Insurance Company of the Southeast and Stephen Schengber filed Motions to Dismiss (Docs. ##25, 28) and plaintiff responded (Docs. ##29, 30). For the reasons set forth below, the Amended Complaint is dismissed as a shotgun pleading with leave to amend.

**I.**

The Amended Complaint alleges that plaintiff owned and operated Cappelli's Catering, Inc. in Naples, Florida, which held a workers' compensation insurance policy with Hartford. (Doc. #22, pp. 6-7.) In August 2014, plaintiff sustained a workplace injury to his left hand and reported the injury claim to Hartford

for workers' compensation claim. (Id., p. 7.) Thereafter, plaintiff started receiving benefits. At some point plaintiff began experiencing psychological symptoms, which he believes stem from his 2014 hand injury, precluding him from working. (Id., p. 7-12.) On September 2, 2015, plaintiff filed a Petition for Benefits in the Office of the Judges of Compensation Claims[1], and through the course of that case was evaluated by specialists for "mental/behavioral health disabilities." (Id., p. 9.)

Plaintiff alleges that on February 8, 2017, a final hearing was held on his benefits claim and on February 14, 2017, a Judge of Compensation Claims entered an Order authorizing a psychiatric evaluation of Sbrocco. (Doc. #22, p. 11.) Plaintiff claims that Hartford is in contempt of that order for failing to authorize the evaluation. (Id.) Nonetheless, plaintiff states that defendant Dr. Schengber evaluated him, but plaintiff claims the doctor is not qualified. (Id., pp. 11-12, 22.) In October of 2017, plaintiff's workers' compensation benefits were suspended, and plaintiff voluntarily dismissed the compensation case on January 23, 2019 in favor of filing a Complaint in this Court on January 31, 2019.[2] (Id., p. 12.)

---

[1] Plaintiff submitted a copy of the docket sheet for the compensation claims case. (Doc. #4-1.)

[2] Although plaintiff purports to remove his worker's compensation benefits case from the Office of the Judges of Compensation Claims to this Court, a review of the docket for the underlying compensation case (Doc. #4-1) shows that plaintiff

On March 25, 2019, plaintiff filed an Amended Complaint (Doc. #22) against Hartford and Dr. Stephen Schengber, titled "RICO[3] Complaint." Jurisdiction is based on federal question and plaintiff brings RICO claims, "federal healthcare offenses," and various purported criminal acts stemming from plaintiff's claim for workers' compensation benefits. Although plaintiff complains of the wrongs he suffered by defendants during the course of his workers' compensation claim, it is difficult to discern exactly what causes of action plaintiff is attempting to bring. In his Statement of Claim, plaintiff states that "[t]his claim is the Plaintiff's assertion of his healthcare rights, mental/behavioral disability benefits under Florida Workers Compensation System § 440, and the pattern of racketeering by the Defendants …." See Doc. #22, p. 6. Plaintiff's Amended Complaint goes on to allege numerous purported violations of various federal laws, as well as criminal statutes. Defendants move to dismiss in part because the Amended Complaint is a shotgun pleading.

---

voluntarily dismissed his Petition for Benefits and the Judge of Compensation Claims entered a dismissal without prejudice of that case on January 24, 2019. One week later, plaintiff filed the Complaint in this case. (Doc. #1.) Because the underlying action had been closed, removal is not appropriate. Therefore, the Court considers the sufficiency of the Amended Complaint without determining whether removal was appropriate.

[3] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[4] Courts in

---

[4] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in Weiland are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the

the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, --- F.3d ---, 2018 WL 3673002, *5-6 (11th Cir. Aug. 3, 2018) (detailing the "unacceptable consequences of shotgun pleading"). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

---

> allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1322-23.

**III.**

**A. Shotgun Pleading**

Plaintiff's Amended Complaint is a quintessential shotgun pleading as it is a narrative that fails to state the allegations in numbered paragraphs, fails to set forth concise statements of the facts, and is vague and conclusory. The Amended Complaint is also disjointed and full of allegations that would seem to have little relevance to plaintiff's claims. In addition, the Amended Complaint is not separated into counts; instead, plaintiff simply sets forth an ongoing narrative.

Additionally, to the extent that plaintiff is seeking intervention in a criminal matter, the Court cannot direct or compel the federal prosecution of a case. Smith v. United States, 375 F.2d 243, 247 (5th Cir. 1967) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute, or to abandon a prosecution already started, is absolute."); United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965) ("Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

It is also unclear that plaintiff could state a RICO claim. To state a claim for a RICO violation, a plaintiff must allege:

"(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." Southeast Laborers Health and Welfare Fund v. Bayer Corp., 444 F. App'x 401, 409 (11th Cir. 2011) (quoting Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Here, it is not clear that a loss or diminution of benefits plaintiff expected to receive under a workers' compensation claim does not constitute an injury to "business or property" under RICO.

At this point, the Court finds the Amended Complaint incomprehensible but will allow plaintiff the opportunity to amend. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 2018 WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). Accordingly, plaintiff will be provided an opportunity to amend, but if the Second Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

**B. Jurisdiction**

The Court further notes that plaintiff's compensation claim was voluntarily dismissed by plaintiff before it was adjudicated. Although it is unclear whether plaintiff brings a cause of action for benefits in the Amended Complaint, plaintiff does request that the Court award him past workers' compensation benefits. (Doc. #22, p. 32.)

Under the Florida Worker's Compensation Act (FWCA), when an employee suffers an accidental compensable injury "arising out of work performed in the course and scope of employment," the employer must provide compensation for that injury or furnish the benefits through a workers' compensation insurance carrier. Fla. Stat. § 440.09(1). The FWCA provides the "exclusive" remedy for an employee pursuing claims against an employer or the employer's workers' compensation carrier for injuries arising out of work performed in the course and scope of employment. Fla. Stat. § 440.11(1), (4); see also Cramer v. Florida, 117 F.3d 1258, 1262 n.9 (11th Cir. 1997) (noting that the FWCA "expressly preempts common law tort remedies for on-the-job injuries suffered by workers in Florida"). Thus, subject to a few narrow exceptions, the FWCA renders employers and insurance carriers immune from suit. Aguilera v. Inservices, Inc., 905 So. 2d 84, 90-91 (Fla. 2005).

The exceptions to the exclusivity provision of the FWCA include: (1) the employer's failure to secure workers'

compensation coverage, Fla. Stat. § 440.11(a); (2) the commission of an intentional tort, Fla. Stat. § 440.11(b); and (3) estoppel, see, e.g., Coastal Masonry, Inc. v. Gutierrez, 30 So. 3d 545, 547-48 (Fla. 3rd DCA 2010). An employee that asserts a claim against an employer or an employer's workers' compensation carrier involving any of these exceptions may bring suit in Florida circuit court to recover damages. See Aguilera, 905 So. 2d at 91-92.

Absent an exception, Florida circuit courts lack jurisdiction over an employee's workers' compensation claim against his workers' compensation carrier. See Old Republic Ins. Co. v. Whitworth, 442 So. 2d 1078, 1079 (Fla. 3rd DCA 1983); see also Sanders v. City of Orlando, 997 So. 2d 1089, 1093 (Fla. 2008) (noting that Florida state courts have "uniformly held ... that [Florida circuit] courts have no subject matter jurisdiction to adjudicate disputes involving workers' compensation issues"). "[W]here Florida's circuit courts lack jurisdiction over an employee's work-related claims because of the [FWCA], a federal district court also lacks jurisdiction to consider those claims and any other claims 'for additional damages over and above the relief that can be obtained' in the state workers' compensation proceedings. Thus, if a plaintiff does not escape the exclusive force of [the FWCA by alleging a viable exception], a federal district court lacks jurisdiction to adjudicate the case." Ebeh v. St Paul Travelers, 459 F. App'x 862, 864 (11th Cir. 2012) (per

curiam) (citing Connolly v. Md. Cas. Co., 849 F.2d 525, 528 (11th Cir. 1988)).

Here, because the Amended Complaint is a shotgun pleading and does not clearly set forth what causes of action plaintiff is pursuing, the Court cannot determine whether one of the narrow exceptions apply that would give this Court subject matter jurisdiction to order defendants to pay workers' compensation benefits. Given this format and plaintiff's status as a *pro se* litigant, plaintiff's Second Amended Complaint should more clearly sets forth each claim against each defendant.

## III.

The Court will therefore dismiss the Amended Complaint with leave to amend. The Court will otherwise deny the Motions to Dismiss, with leave to refile similar motions, if appropriate, after a Second Amended Complaint is filed. After an opportunity to amend, if the Second Amended Complaint remains an incomprehensible shotgun pleading, a court may dismiss the case with prejudice without reviewing the case on the merits. Jackson, 2018 WL 3673002, *6-7.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms.

There is also a link that, through a series of questions, may help plaintiff generate the Second Amended Complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motions to Dismiss (Docs. ##25, 28) are **GRANTED IN PART** only to the extent they seek dismissal of the Complaint as a shotgun pleading.  The Motions are otherwise **DENIED without prejudice.**

2. The Amended Complaint (Doc. #22) is dismissed without prejudice to filing a Second Amended Complaint within **twenty-one (21) days** of the date of this Opinion and Order.  **The failure to file a Second Amended Complaint will result in the closure of the case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record