UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS A. SBROCCO,

    Plaintiff,

v.                            Case No: 2:19-cv-59-FtM-99NPM

HARTFORD INSURANCE COMPANY
OF THE SOUTHEAST and STEPHEN
SCHENGBER, Dr.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motions to Dismiss (Docs. ##42, 43) filed on June 24, 2019. Plaintiff *pro se* Thomas A. Sbrocco filed Responses in Opposition (Docs. ##44, 45) on July 8, 2019. Defendant Stephen Schengber filed a Reply (Doc. #49). For the reasons set forth below, the Motions are granted.

**I.**

The Amended Complaint alleges that plaintiff owned and operated Cappelli's Catering, Inc. in Naples, Florida, which held a workers' compensation insurance policy with Hartford. (Doc. #22, pp. 6-7.) In August 2014, plaintiff sustained a workplace injury to his left hand and reported the injury claim to Hartford for workers' compensation claim. (Id., p. 7.) Thereafter, plaintiff started receiving benefits. At some point plaintiff

began experiencing psychological symptoms, which he believes stem from his 2014 hand injury, precluding him from working. (Id., p. 7-12.) On September 2, 2015, plaintiff filed a Petition for Benefits in the Office of the Judges of Compensation Claims[1], and through the course of that case was evaluated by specialists for "mental/behavioral health disabilities." (Id., p. 9.)

Plaintiff alleges that on February 8, 2017, a final hearing was held on his benefits claim and on February 14, 2017, a Judge of Compensation Claims entered an Order authorizing a psychiatric evaluation of Sbrocco. (Doc. #22, p. 11.) Plaintiff claims that Hartford is in contempt of that order for failing to authorize the evaluation. (Id.) Nonetheless, plaintiff states that defendant Dr. Schengber evaluated him, but plaintiff claims the doctor is not qualified. (Id., pp. 11-12, 22.) In October of 2017, plaintiff's workers' compensation benefits were suspended, and plaintiff voluntarily dismissed the compensation case on January 23, 2019 in favor of filing a Complaint in this Court on January 31, 2019.[2] (Id., p. 12.)

---

[1] Plaintiff submitted a copy of the docket sheet for the compensation claims case. (Doc. #4-1.)

[2] Although plaintiff purports to remove his worker's compensation benefits case from the Office of the Judges of Compensation Claims to this Court, a review of the docket for the underlying compensation case (Doc. #4-1) shows that plaintiff voluntarily dismissed his Petition for Benefits and the Judge of Compensation Claims entered a dismissal without prejudice of that case on January 24, 2019. One week later, plaintiff filed the Complaint in this case. (Doc. #1.) Because the underlying action

On March 25, 2019, plaintiff filed an Amended Complaint (Doc. #22) against Hartford and Dr. Stephen Schengber, titled "RICO[3] Complaint." Jurisdiction was based on federal question and plaintiff brought RICO claims, "federal healthcare offenses," and various purported criminal acts stemming from plaintiff's claim for workers' compensation benefits. Because the Amended Complaint was a shotgun pleading, the Court dismissed it and allowed plaintiff to amend. (Doc. #39.) In its Opinion and Order, the Court pointed out that it was unclear whether plaintiff could state a RICO claim because a loss or diminution of benefits plaintiff expected to receive under a workers' compensation claim likely would not constitute an injury to "business or property" under RICO. (Id., pp. 7-8.)

On June 10, 2019, plaintiff filed a six-count "Second Amended RICO Complaint," asserting federal question jurisdiction (Doc. #40), alleging RICO claims, as well as state law claims for intentional and negligent infliction of emotional distress. Plaintiff asserts that he is entitled to relief for Florida worker's compensation benefits through this Court under RICO because each defendant has committed at least two or three

---

had been closed, removal is not appropriate. Therefore, the Court considers the sufficiency of the Amended Complaint without determining whether removal was appropriate.

[3] The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").

intentional racketeering torts that resulted in the diminution of his benefits. Defendants again move to dismiss the RICO claims, in part, because plaintiff has not plausibly alleged an injury to business or property under RICO. The Court agrees.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

**III.**

**A. RICO Claims**

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such

enterprise's affairs through a pattern of racketeering activity...." 18 U.S.C. § 1962(c). "To recover, a civil plaintiff must establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts." Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348 (11th Cir. 2016) (internal citations omitted). A civil plaintiff must also show "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." Id.

Plaintiff alleges that defendants denied his mental/emotional health benefits rightfully due under his Florida worker's compensation claim, causing him emotional distress. In sum, plaintiff believes that his worker's compensation claim stemming from his hand injury was mishandled and wrongfully denied. Although this precise scenario has not been addressed by the Eleventh Circuit, the Sixth Circuit addressed a similar case in which plaintiffs claim that they were legally entitled to receive certain benefits mandated by a worker's compensation statute as a consequence of their personal injuries, and that they received less than they were entitled to under that system because of the defendants' racketeering conduct. Jackson v. Sedgwick Claims Mgmt. Services, Inc., 731 F.3d 556 (6th Cir. 2013). In Jackson, the court found that because the losses alleged were "simply a

shortcoming in the compensation they believed they were entitled to receive for a personal injury[,] [t]hey are not different from the losses the plaintiffs would experience if they had to bring a civil action to redress their personal injuries and did not obtain the compensation from that action they expected to receive." Id. at 566. The Court agrees with this reasoning, and notes that in the Eleventh Circuit, personal injury and related physical symptoms do not suffice to state an injury under RICO. See Grogan v. Platt, 835 F.2d 844, 847 (11th Cir. 1998).

Thus, because the Second Amended Complaint does not adequately plead that plaintiff suffered injury as a result of defendants' purported mail and wire fraud, the RICO claims fail. Plaintiff's RICO claims are dismissed with prejudice.

**B. Remaining State Law Claims**

Under 28 U.S.C. 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... (3) the district court has dismissed all claims over which it has original jurisdiction...." In this case, jurisdiction was premised on a federal question, 28 U.S.C. § 1331, and the Court has now dismissed the federal RICO claims.[4] As a result, the remaining counts will be dismissed without prejudice.

---

[4] Plaintiff's Second Amended Complaint makes a passing reference to the Health Insurance Portability and Accountability Act (HIPPA), arguing a violation of 18 U.S.C. § 641. (Doc. #40, ¶¶ 34, 36.) However, Section 641 is a criminal code and plaintiff

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motions to Dismiss (Docs. ##42, 43) are **GRANTED** to the extent that the RICO claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state claims, which are dismissed without prejudice. The Clerk shall enter judgment accordingly and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of August, 2019.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record

---

was previously informed that the Court cannot direct or compel the federal prosecution of a case. See Doc. #39, p. 7 (citing Smith v. United States, 375 F.2d 243, 247 (5th Cir. 1967)). Furthermore, HIPPA does not create a private right of action and cannot be the basis for this Court's jurisdiction. Sneed v. Pan American Hosp., 370 F. App'x 47, 50 (11th Cir. 2010).